**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2055**

NESLY CESAR,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

**No. 08-1119**

NESLY CESAR,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted:  July 23, 2008      Decided:  August 21, 2008

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

No. 07-2055 petition denied; No. 08-1119 petition dismissed by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Gregory G. Katsas, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Trial Attorney, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Nesly Cesar, a native and citizen of Haiti, petitions for review of two separate orders of the Board of Immigration Appeals: (1) Case No. 07-2055, dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) Case No. 08-1119, denying his motion to reopen.

In Case No. 07-2055, Cesar first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Cesar fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Cesar's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378

F.3d 361, 367 (4th Cir. 2004). Because Cesar fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal. Accordingly, we deny the petition for review in Case No. 07-2055.[*]

In Case No. 08-1119, Cesar contends that the Board abused its discretion in denying his motion to reopen. Pursuant to 8 U.S.C. § 1252(b)(1) (2006), he had thirty days from the date of the Board's order, or until January 30, 2008, to timely file a petition for review. This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). It is "not subject to equitable tolling." Id. Cesar filed his petition for review on January 31, 2008, one day late. Because the petition was clearly filed outside of the thirty-day time period, we dismiss the petition for review in Case No. 08-1119 for lack of jurisdiction.

Accordingly, we deny the petition for review in Case No. 07-2055 and dismiss the petition in Case No. 08-1119 for the reasons set forth above. We dispense with oral argument because

---

[*]In his brief before this court, Cesar has failed to raise any challenges to the denial of his request for protection under the Convention Against Torture. We therefore find that he has waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

- 4 -

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>No. 07-2055 PETITION DENIED</u>
<u>No. 08-1119 PETITION DISMISSED</u>